**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Shelli L. Grotte Pettit, et al., | ) | No. 13-CV-8170-PCT-PGR |
| Plaintiffs, | ) | |
| vs. | ) | **ORDER** |
| Homeward Residential Incorporated, et al., | ) | |
| Defendants. | ) | |

Before the Court is Defendants' motion to dismiss. (Doc. 4.) Plaintiff opposes the motion. (Doc. 5.) For the reasons set forth herein, the motion is denied.

## Background

Plaintiff Shelli L. Grotte Pettit ("Plaintiff") is the trustee for a trust that owned real property in Prescott, Arizona. Defendant Homeward Residential, Inc. ("Defendant"), serviced the loan when the property was secured by a deed of trust executed by David Grotte.

Plaintiff listed the property for sale, and in June of 2012 accepted a purchase offer of $680,000. Plaintiff alleges that she and her escrow company, Yavapai Title Agency ("Yavapai"), contacted Defendant to seek a payoff statement on June 26, July 3, July 6, and July 10, 2012, but no statement was provided until July 17, 2012. On July 13, 2012, the buyer cancelled the purchase agreement.

Plaintiff filed a complaint in Yavapai County Superior Court alleging negligence per se based on Defendant's failure to produce a payoff statement within 14 days of the request

1  as required by A.R.S. § 33-715. (Doc. 1, Ex. A.) She seeks damages for loss of interest
2  income from the original purchase contract, expenses related to maintenance of the property,
3  diminished sale price, and $500 for each of the alleged violations of § 33-715. Defendants
4  removed the case on July 3, 2012. (*Id.*)

5  In the pending motion Defendant argues that Plaintiff's claim for negligence per se
6  is legally insufficient. The Court disagrees.

## **Discussion**

The Court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to Plaintiff and accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). However, the Court need not accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Section 33-715 provides that "[o]n the written demand of an entitled person or that person's authorized agent, a secured lender shall prepare and deliver a payoff demand statement to the person who has requested it within fourteen days after receipt of the demand." A.R.S. § 33-715(A). If a lender "willfully fails to prepare and deliver a payoff demand statement for fourteen or more days after receipt of a written demand," the lender "is liable to the entitled person for all damages sustained for failure to deliver the statement. The [lender] is also liable to the [borrower] for five hundred dollars whether or not actual

1
2

damages are sustained."A.R.S. § 33–715(F). "Willfully" means "without just cause or excuse." *Id.* Each such failure "constitutes a separate cause of action." *Id.*

3
4
5
6
7
8
9
10
11

Plaintiff alleges that Defendant is liable for negligence per se based on its refusal to produce a payoff demand statement within 14 days of her request, in violation of § 33-715. "Violation of a statutory standard of care is usually held to be negligence *per se*." *Gunnell v. Arizona Public Serv. Co.*, 202 Ariz. 388, 392, 46 P.3d 399, 403 (2002); *see Alaface v. National Inv. Co.*, 181 Ariz. 586, 596, 892 P.2d 1375, 1385 (App. 1994) ("A person who violates a statute enacted for the protection and safety of the public is guilty of negligence per se."). Defendant does not dispute that negligence per se applies to a violation of § 33-715. It argues instead that it did not violate the statute and that Plaintiff failed to adequately allege proximate cause.

12
13
14
15
16
17
18

Defendant first contends that there was no violation § 33-715. Defendant notes that it serviced a mortgage loan that was secured by a deed of trust for David Grotte. Defendant asserts that under A.R.S. § 33-715, Plaintiff was responsible for verifying that she was the "entitled person" to make any demands concerning the loan and for verifying that Yavapai was her authorized agent.[1] According to Defendant, Plaintiff failed to produce the documents to such prove authority until July 3, 2012, and Defendant provided the statement within 14 days of that date. (*See* Doc. 1, Ex. A, ¶¶ 9, 14.)

19
20
21
22
23
24

However, as set forth in the complaint, Yavapai first contacted Defendant to request a payoff demand statement on June 26, 2012, faxing information concerning the trust to Defendant and phoning Defendant that same day, at the latter's request. (*Id.*, ¶ 7.) On June 28, Yavapai followed up on the request and was told by Defendant to submit trust documents and the death certificates of Plaintiff's parents. (*Id.*, ¶ 8.) On July 3, Yavapai again checked

25
26
27
28

---

[1] Pursuant to A.R.S. 33-715(J)(2): "'Entitled person' means the trustor or mortgagor of the mortgaged or trust property or any part of that property, any successor in interest to the trustor or mortgagor, any person with a lien or encumbrance of record on the mortgaged or trust property and an escrow agent that is licensed pursuant to title 6."

- 3 -

the status of the request, and was informed by Defendant that it had not received the requested documents. (*Id.*, ¶ 9.) The documents were faxed again that day. (*Id.*)

Accepting these allegations as true, Defendant received verification that Plaintiff was an authorized person on June 28, 2013, when the requested documents were originally faxed, but did not deliver the payoff demand until July 17, more than 14 days after the necessary documents were provided, in violation of § 33-715.

Defendant next argues that Plaintiff fails to state facts to support the element of proximate cause. The Court disagrees.

The complaint states that "on July 13, 2012, still having no payoff amount, and having already extended the close of escrow twice, the buyer requested a return of his funds and exercised his right to cancel the purchase agreement." (Doc.1, Ex. A, ¶ 13.) The complaint further alleges that, "As a direct and proximate result of Defendant['s] . . . negligence per se, Plaintiff suffered substantial damages." (*Id.*, ¶ 28.)

The Court finds that these allegations, taken as true, are sufficient to make a showing that Defendant's failure to provide a timely payoff amount caused the buyer to cancel the purchase agreement.

## **Conclusion**

For the reasons set forth above, the complaint meets the requirements of Rule 8(a)(2). It adequately sets forth a claim of negligence based on Defendant's alleged violation of A.R.S. § 33-715.

Accordingly,

IT IS HEREBY ORDERED denying Defendant's motion to dismiss (Doc. 4)

DATED this 30th day of September, 2013.

Paul G. Rosenblatt
United States District Judge

- 4 -